UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALICIA GARCIA, | Case No. 2:22-CV-694 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S FOOD AND DRUG, | |
| Defendant(s). | |

Presently before the court is Smith's Food & Drug Centers, Inc.'s ("defendant") motion for summary judgment.  (ECF No. 21).  Alicia Garcia ("plaintiff") filed a response (ECF No. 23), to which defendant replied (ECF No. 26).

## I.    Background

On October 5, 2020, plaintiff and her daughter were shopping at defendant's store located at 2540 South Maryland Parkway, Las Vegas, NV 89101.  (ECF No. 1).  At 4:37, while walking down aisle 20, plaintiff slipped and fell.  (ECF No. 18-5 at 8).  Evidence demonstrates two of defendant's employees conducted inspections of the aisle within 30 minutes of the accident. (ECF No. 18-5 at 4–6, 8).

On February 16, 2022, plaintiff commenced this action alleging negligence.  (ECF No. 1).  Defendant subsequently removed to this court.  *Id.*  Defendant now moves for summary judgment because plaintiff cannot prove actual notice and cannot establish Smiths had constructive notice of the alleged hazardous condition.  (ECF No. 21).

. . .

. . .

James C. Mahan
U.S. District Judge

## II.      Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party.  *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990).  However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial."  *Id.*

In determining summary judgment, the court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000).  Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp*., 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the

**James C. Mahan**
**U.S. District Judge**

- 2 -

opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986).  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted.  *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

"Authentication is a 'condition precedent to admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.' " *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (footnotes omitted) (quoting Fed. R. Evid. 901(a)). "Th[e Ninth Circuit] has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994) (quoting *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987)).

1    However, the Ninth Circuit has more recently held that information contained in an
2    inadmissible form may still be considered for summary judgment if the information itself would
3    be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v.*
4    *City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a
5    party does not necessarily have to produce evidence in a form that would be admissible at trial,
6    as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")); *see also*
7    *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) ("[A]t
8    summary judgment a district court may consider hearsay evidence submitted in an inadmissible
9    form, so long as the underlying evidence could be provided in an admissible form at trial, such as
10   by live testimony.").

11   **III.    Discussion**

12   A claim for negligence requires: 1) defendant's duty of care to plaintiff; 2) breach of that
13   duty; 3) causation; and 4) damages.  *See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221
14   P.3d 1276, 1280 (Nev. 2009).  Defendant is not liable for every accident that occurs within its
15   store, because it is "not an insurer of the safety of a person on the premises." *Sprague v. Lucky*
16   *Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993).  Instead, defendant "owes its patrons a duty to keep
17   the premises in a reasonably safe condition for use." *Id.*

18   Plaintiff alleges that, while walking down aisle 20, she encountered an "unknown and
19   unforeseen liquid on the floor causing her to slip and fall…"  (ECF No. 1).  When a foreign
20   substance is identified as the alleged cause of a slip-and-fall, the source of that substance controls
21   liability.  *Sprague*, 849 P.2d at 322.  If this foreign substance existed as a result of defendant's
22   agents' or employees' conduct, then defendant may be liable if it had notice of the subject
23   condition. *Eldorado Club, Inc. v. Graff*, 377 P.2d 174, 175 (Nev. 1962).  But if this foreign
24   substance resulted from "the acts of persons other than [defendant's] agents or employees,"
25   defendant is liable only if it had actual or constructive notice of the subject condition. *Id.* at 509-
26   510; *see also Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012).

27   Here, the source of the foreign substance is unknown and disputed.  Plaintiff's expert
28   witness stated that one of defendant's employees or venders pushing a U-Boat stocking cart "was

James C. Mahan
U.S. District Judge

the only feasible apparatus capable within the time frame of the produced video to create puddles." (ECF No. 23-6 at 6). The expert further stated that he was "100 percent certain that Smith's, either an employee or vendor, created the hazard." (ECF No. 23-7 at 8). Later, in the same deposition, the expert says nobody knows "for a fact" if the person operating the U-Boat created the spill that caused the fall. *Id.* at 6. Defendant denies that one of its agents caused the spill and hypothesizes that another customer was the root cause. (ECF No. 21).

Plaintiff presents no evidence to support her assertion that defendant, its agents, or its employees knew of the spilled liquid prior to plaintiff's slip and fall. Indeed, both parties plainly admit that they are uncertain of how the liquid ended up on the floor in aisle 20. (ECF No. 21); (ECF No. 23). Therefore, defendant was not on actual notice of the spilled liquid that caused the fall. *See Linnell v. Carrabba's Italian Grill, LLC,* 833 F. Supp. 2d 1235, 1239 (D. Nev. 2011) (Stating that actual knowledge is when there was a hazard and "defendant knew about it and did not warn customers of it…").

Constructive notice is an issue of fact and exists when a reasonable jury could find that the hazard existed, or was likely to exist, that would result in an injury to a customer. *Sprague* 849 P.2d at 251–52. Plaintiff argues that there is constructive notice because the spill was present long enough to begin drying and therefore defendant should have found it. (ECF No. 23-6 at 12). 23 minutes prior to plaintiff's fall, an employee conducted an inspection of the aisle where it occurred, and no spill was reported. (ECF No. 18-5 at 4–6). A second employee conducted an inspection a mere nine minutes before plaintiff fell and reported no spill. *Id.* at 8.

Although there is no exact amount of time required to establish when a hazard should have been discovered and constitute constructive notice, there are examples of what amount of time is insufficient. *See Rios v. Dollar Gen. Mkt. & Dolgen Midwest, LLC*, No. 2:15-CV-02056-JAD-VCF, 2017 WL 3749495, at *1 (D. Nev. Aug. 29, 2017) (stating that ten minutes is not long enough to establish constructive notice); *Cardoza v. Target Corp.*, No. CV172232MWFRAOX, 2018 WL 3357489, at *1 (C.D. Cal. June 22, 2018), *aff'd*, 765 F. App'x 360 (9th Cir. 2019) (stating that an inspection ten minutes before a slip and fall establishes the lack of constructive notice, and thus the lack of liability). Here, there had been two inspections

1  of the aisle within 30 minutes, one of which occurred nine minutes before plaintiff fell.  *See*

2  (ECF No. 18-5 at 4–6, 8).   These inspections establish that defendant took the necessary

3  precautions to inspect the aisle, and thus it was not on constructive notice of the hazard.

4  Further, plaintiff argues that the employees did not reasonably inspect the aisle.  (ECF

5  No. 23 at 21).  This assertion relies on one employee stating that it was difficult to determine

6  whether something on the floor was floor wax or a spilled liquid.  *Id.* at 3–4.   Plaintiff

7  additionally claims that a reasonable inspection of the aisle would include utilizing a push

8  broom.  *Id.* at 18.   Defendant however points to plaintiff's expert who agreed that a "visual

9  inspection of a pedestrian walkway to determine if there's hazards would be sufficient and

10  reasonable in the industry standard of care of maintaining a walkway…"  (ECF No. 23-7 at 15).

11  Defendant's employees, by conducting visual inspections twice in the 30 minutes leading

12  up to accident, conducted reasonable searches and were unaware of any spilled liquid.  Thus,

13  defendant was not on constructive notice.

14  **IV.    Conclusion**

15  Accordingly,

16  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for

17  summary judgment (ECF No. 21) be, and the same hereby is, GRANTED.

18  The clerk is instructed to enter judgment in favor of defendant and close this case.

19  DATED July 13, 2023.

20
21  UNITED STATES DISTRICT JUDGE

22
23
24
25
26
27
28

James C. Mahan
U.S. District Judge

- 6 -